UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| ZACHARY CRUZ, <br> MICHEAL DONOVAN, and <br> RICHARD MOORE <br> <br> Plaintiffs, <br> <br> vs. <br> <br> DUANE LEE CHAPMAN, <br> LYSSA CHAPMAN, <br> DAVID BAYRE BRIGGMAN, <br> LINDSAY COMBS, <br> JANE COLLINS, and <br> JOHN DOES 1-8 <br> and JOHN T. WAIT, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 5:21-cv-00072 <br><br> (Formerly Augusta County Circuit <br> Court No. CL21002251-00) |

## MEMORANDUM IN SUPPORT OF
## DEFENDANT UNITED STATES' MOTION TO DISMISS

Defendant, the United States of America, submits this memorandum of law in support of its motion to dismiss for lack of subject matter jurisdiction.

## I. INTRODUCTION

Plaintiffs Zachary Cruz ("Cruz"), Micheal Donovan ("Donovan"), and Richard Moore ("Moore") filed a Complaint in Augusta County Circuit Court asserting several common law and state tort claims against—among others—Jane Collins ("Collins"), a former employee of the federal government, employed by the Federal Bureau of Investigation (FBI) as a Special Agent (SA).  At bottom, plaintiffs allege that the defendants entered into a conspiracy designed to harm plaintiffs and their reputation and business, by launching and pursuing an allegedly improper investigation into the potential abuse and exploitation of Cruz by Donovan and Moore. *See*

*Complaint* (*"Compl."*), attached as Exhibit A to Notice of Removal filed on November 5, 2021, ECF 1-2, ¶¶ 27-29, 32-35.

Pursuant to 28 U.S.C. § 2679(d), the United States Attorney for the Eastern District of Virginia has certified that then-FBI employee Jane Collins was acting within the course and scope of her federal employment with respect to incidents which form the basis for certain of the plaintiffs' claims against her as set forth in the complaint; namely, those incidents that occurred on or before June 30, 2021, the date on which Collins voluntarily retired from federal employment. *See* Certification dated November 3, 2021, attached as Exhibit B to Notice of Removal filed on November 5, 2021, ECF No. 1-3.  Consequently, the United States of America has been substituted by operation of law as the proper defendant for these claims against Collins. *See* Notice of Substitution, ECF No. 2.

The United States now moves to dismiss plaintiffs' claims against the United States pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. A jurisdictional prerequisite to suing the United States for the torts of its employees is the proper exhaustion of administrative remedies with the appropriate federal agency.  28 U.S.C. §§ 2401(b) and 2675(a). Because plaintiffs have failed to file such an administrative tort claim, this Court is deprived of subject matter jurisdiction.  Additionally, this Court lacks jurisdiction because the United States has not waived its sovereign immunity and allowed itself to be sued for the claims of defamation**,** conspiracy, insulting words, and harassment, alleged against the United States in the complaint.

## II.   PLAINTIFFS' ALLEGATIONS

As alleged in their complaint, plaintiffs Donovan and Moore (respectively, CEO and EVP of Nexus Services Inc. (Nexus)), lived together with plaintiff Zachary Cruz in Augusta County, Virginia, where Donovan and Moore allegedly raised Cruz as their son. *Compl.* ¶¶ 17-19.

While employed as a Special Agent of the FBI, Collins was assigned to an investigation involving the plaintiffs, including, among other matters, the potential exploitation and/or abuse of plaintiff Cruz. *See Compl.* ¶¶ 24, 27.

Plaintiffs' complaint presents several causes of action—conspiracy to injure Plaintiffs in their reputation, trade, business, and/or profession, defamation, insulting words, and racial and ethnic harassment. *Compl.*, at 10-14. Plaintiffs generally allege that the defendants entered into and carried out a conspiracy involving a purportedly improper investigation into the possible exploitation of Cruz in order to obtain a local court order to search the home of the Plaintiff and to detain, arrest, and interview Plaintiff Cruz. *See Compl.*, ¶¶27, 32-37. Although not explicitly clear, the complaint's allegations suggest that the conspiracy commenced in January 2021, when defendant Chapman allegedly made a false report of abuse, claiming plaintiff Cruz was mentally disabled or "retarded" to defendants Combs and SA Collins. *Compl.* ¶¶ 27-28, 32-34. Plaintiffs allege that SA Collins and defendant Combs knew Chapman's claim was false, yet they conspired to create a "fake joint investigation" and filed a petition with the state court in order to gain access to Donovan and Moore's residence and to cause them harm. *Compl.*, ¶¶ 29, 32. With respect to Collins, each of plaintiffs' claims appear to be premised on acts taken and statements made during her employment as a Special Agent with the FBI. *See, e.g.*, *Compl.*, ¶¶ 11, 24, 27, 29, 32, and 35. Nevertheless, plaintiffs' complaint summarily includes a catchall allegation, baldly asserting that Collins is being named in the suit "ONLY for actions after she left the employment of the Federal Bureau of Investigation" (emphasis in original). *Compl.*, ¶50. Collins voluntarily retired from the FBI on June 30, 2021, after reaching the mandatory age of retirement and having previously been granted two discretionary extensions of her retirement date.

3

The complaint lacks any specific factual allegations identifying conduct taken or statements made by Collins that occurred after her retirement on June 30, 2021. Rather, all of the specific allegations contained in the complaint against Collins appear to relate to conduct occurring prior to June 30, 2021, while she was employed by the FBI, and acting in furtherance of an active, official FBI investigation.  (FN re para 50 in position to the other paragraphs)

### III.   ARGUMENT

#### A.   Legal standard under Federal Rule of Civil Procedure 12(b)(1).

Because the instant motion relates to exclusions to the United States' limited waiver of sovereign immunity, it is brought pursuant to Federal Rule of Civil Procedure 12(b)(1).  The plaintiff has the burden of establishing subject matter jurisdiction. *Williams v. United States,* 50 F.3d 299, 304 (4th Cir.1995); *King v. Riverside Regional Medical Center*, 211 F. Supp.2d 779, 780-81 (E.D. Va. 2002).  Although the Court may consider the allegations contained within the four corners of the plaintiffs' complaint as evidence in determining whether it possesses jurisdiction over the case, it may also consider other evidence outside the pleadings if necessary.[1] *Walker v. U.S. Dept. of the Army*, 60 F.Supp.2d 553, 555-56 (E.D. Va., 1999) (citing *Adams v. Bain,* 697 F.2d 1213, 1219) (4th Cir. 1982)); *White v. CMA Constr., Co., Inc.*, 947 F. Supp. 231, 233 (E.D. Va. 1996). Where sovereign immunity bars the claim, the court lacks subject matter jurisdiction and must dismiss the case. *Kramer v. United States,* 843 F. Supp. 1066, 1068 (E.D. Va. 1994) (citing *Broussard v. United States*, 989 F.2d 171, 177 (5th Cir.1993) (per curiam)).

---

[1] Defendant's submission of evidence supporting its contention that sovereign immunity has not been waived and subject matter jurisdiction does not exist, does not convert this motion to one for summary judgment. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir.1995) (citing *Broussard*, 989 F.2d at 177 (recognizing that the proper approach is to dismiss for want of jurisdiction for purposes of the FTCA under Rule 12(b)(1), not to grant summary judgment under Rule 56(c)).

## B. The Court lacks jurisdiction over the FTCA claims originally brought against Collins.

Plaintiffs' complaint asserted several common law and state tort claims against federal employee Collins in her individual capacity—slander/defamation, tortious interference with contract, and intentional infliction of emotional distress—and by a clear reading of the complaint, premised on alleged actions taken by Collins, in connection with an active investigation, while she was employed as a Special Agent of the FBI. *Compl.*, ¶¶ 11, 24, 27, 29, 32, and 35.

Congress has provided, however, that the FTCA serve as the exclusive remedy for tortious conduct on the part of federal employees:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title [the FTCA]…is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employees. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1). As provided by the statutory framework, the United States Attorney for the Eastern District of Virginia[2] has invoked this exclusive remedy by certifying that Collins was acting within the course and scope of her federal employment with respect to those certain incidents which form the basis of plaintiffs' claims against her: that is, those incidents which occurred on or before June 30, 2021, the date on which Collins retired from the FBI and federal employment. *See* Certification dated November 3, 2021 attached as Exhibit B to Notice of

---

[2] While the statute prescribes that the certification is for the Attorney General to accomplish, the Attorney General has delegated that authority to, *inter alia*, the United States Attorneys. *See* C.F.R. § 15.4(a).

Removal, ECF No. 1-3.[3] Concurrently with its Notice of Removal, the United States filed a notice of the substitution of the United States as party defendant—as a matter of law—for former individual defendant Collins as to these claims, ECF No. 2. *See* 28 U.S.C. § 2679(d)(2) ("Upon certification…any civil action or proceeding commenced upon such claim…shall be deemed an action against the United States under the provisions of this title…"); *see also Guiterrez de Martinez v. DEA,* 111 F.3d 1148, 1153 (4th Cir. 1997) (holding that "[t]he Attorney General's certification is conclusive unless challenged").

Therefore, the various claims against the former individual defendant Collins are now pending against the United States under the FTCA. As discussed infra, those claims should be dismissed because of jurisdictional defects inherent in the claims.

    **B.**    **Plaintiffs' claims against the United States should be dismissed because plaintiffs failed to exhaust required administrative remedies.**

---

[3] To be clear, the United States recognizes that plaintiffs baldly assert that the conduct for which they seek to hold Collins liable is based "ONLY for actions after she left the employment of the Federal Bureau of Investigation." *Compl.*, ¶ 50 (emphasis in original). Yet plaintiffs' complaint utterly fails to make any specific factual allegations which support this blanket contention, nor does it identify any conduct by Collins which occurred after her retirement on June 30, 2021. Rather, the complaint's allegations as to Collins relate solely to conduct occurring prior to June 30, 2021, while she was employed by the FBI, and acting in furtherance of an active, official FBI investigation. Nevertheless, in light of plaintiffs' summary declaration that the conduct for which they seek to hold SA Collins liable is based "only" on that in which she engaged as a private citizen after she retired from the FBI, the United States Attorney for the Eastern District of Virginia accordingly has certified that Collins was acting within the course and scope of her federal employment with respect only to those incidents that occurred on or before June 30, 2021, the date on which Collins retired from the FBI. *See* Certification dated November 3, 2021, attached as Exhibit B to Notice of Removal, ECF No. 1-3.

It is axiomatic that the United States, as sovereign, is immune from suit except to the extent that it has, by statute, expressly consented to be sued. *See Welch v. United States,* 409 F.3d 646, 650 (4th Cir. 2005); *United States v. Dalm*, 494 U.S. 596, 608 (1990); *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Where a statute provides a waiver of sovereign immunity, the terms of the waiver define the Court's jurisdiction to entertain the suit. Where litigants fail to comply with the terms and conditions of the waiver, their suits are barred by sovereign immunity and the district court lacks jurisdiction to entertain the claims. *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941).

The FTCA is a limited waiver of the United States' immunity, and defines the terms, conditions, and scope of the Government's consent to tort suits for money damages. One of the limitations placed upon the right to prosecute an FTCA case is the administrative exhaustion requirement set forth in 28 U.S.C. § 2675(a). Section 2675(a) provides that a tort action against the United States "shall not be instituted…unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing…." 28 U.S.C. § 2675(a).

It is equally well-settled that proper exhaustion of administrative remedies with the appropriate federal agency—here, the Federal Bureau of Investigation—is a non-waivable jurisdictional prerequisite to filing suit against the United States. *See Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994) ("requirement of filing an administrative claim is jurisdictional and may not be waived"); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," involving case where civil action was filed before agency's mailing of notice of final denial of administrative claim); *Plyler v. United States,* 900 F.2d 41, 42 (4th Cir. 1990)

7

(requirement of the filing of an administrative claim is "jurisdictional and may not be waived") (*citing Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986)).

Here, plaintiffs failed to file an administrative tort claim with the agency. Plaintiffs do not allege that they complied with this jurisdictional prerequisite and do not—and indeed, cannot— dispute the fact that they did not present the requisite administrative claim under the FTCA to the federal agency. The FBI has conducted a search of its administrative claims database and does not have any record of an administrative claim under the FTCA—or under any other statute— having been presented by any of the plaintiffs. *See* Declaration of Deborah A. Crum on behalf of the Federal Bureau of Investigation, attached as Exhibit 1, at ¶ 8. Such absence of a record of an administrative claim having been filed is evidence that the claim was not filed. *See* Fed. R. Evid. 803(10); *Wiley v. United States*, 20 F.3d 222, 228 (6th Cir. 1994) ("the assumption of . . . [Rule 803(10) is] that if a duty exists to record certain matters when they occur, and if no record of such matters is found, then the absence of any entry about them is evidence that they did not occur") (quoting 5 Wigmore, Evidence § 1633 at 519 (3rd ed. 1940)).

Because the administrative claim requirement is essential to this Court's jurisdiction, this action must be dismissed for lack of subject matter jurisdiction for plaintiffs' failure to follow the jurisdictional prerequisite under the FTCA of first presenting an administrative claim to the FBI. *See Muth v. United States*, 1 F.3d 246, 249 (4th Cir. 1993).

    **C.**    **This Court lacks jurisdiction over plaintiffs' claims against the United States because sovereign immunity has not been waived for these claims.**

As noted above, the United States, as sovereign, is immune from suit except to the extent that it consents to be sued. *Welch,* 409 F.3d at 650; *see also Gould v. U.S. Dep't of Health and Human Services,* 905 F.2d 738, 744 (4th Cir. 1990) (citing Supreme Court "admonition" "not to extend the limited waiver of sovereign immunity beyond that which Congress intended").

Although the FTCA provides a limited waiver of sovereign immunity, the United States has preserved its sovereign immunity pertaining to claims for defamation, pursuant to the so-called "intentional tort proviso" of the FTCA. *See* 28 U.S.C. § 2680(h); *see also Medina v. United States*, 259 F.3d 220, 224 (4th Cir. 2001) (terming § 2680(h) the "intentional tort proviso"). Given the statute's explicit language, there is no doubt that plaintiffs' claim for defamation (Count Two) falls squarely within the range of the United States' retention of sovereign immunity. *See Shirvinski v. United States Coast Guard,* 673 F.3d 308, 316 (4th Cir. 2012) (citing 28 U.S.C. § 2680(h)'s "preservation of sovereign immunity against defamation actions").

Likewise, this Court lacks jurisdiction over plaintiffs' remaining claims for conspiracy to willfully and maliciously injure plaintiffs in their reputation, trade, business, and/or profession (Count One), insulting words (Count Three) and harassment based on race and ethnicity (Count Four). The FTCA does not preclude only the enumerated torts, but rather, all claims "arising out of" those enumerated torts. *See* 28 U.S.C. § 1346(b)(1). As such, "[i]t is well-settled that the form of the tort" (i.e., plaintiff's pleading choice) "does not control; [one] must look to the substance of the conduct of which the plaintiff complains." *Popovic v. United States*, 175 F.3d 1015 (4th Cir. 1999) (per curiam) (unpublished); *see also Kugel v. United States,* 947 F.2d 1504, 1506-07 (D.C. Cir. 1991).

Here, plaintiffs' claims for conspiracy, insulting words, and harassment is at least partially premised upon allegedly-defamatory statements either made to, or by, Collins in the course of her employment as an FBI Special Agent investigating the possible abuse or exploitation of Cruz. *Compl.*, ¶¶ 62-83, 85. As such, although plaintiffs chose to plead their claim as a "conspiracy to injure reputation," "insulting words," or "harassment," there is no doubt that the underlying conduct "arises from" defamation. For example, as to an alleged conspiracy, plaintiffs contend that defendants "lied [and] conspired to provide false information…to conspire to damage the Plaintiffs['] reputation in trade[,]" *Compl.*, ¶56, and then attempt to assert a nefarious collusion between defendants, commenced by defendant Duane Chapman's allegedly defamatory statement that Cruz was "retarded." *Compl.*, ¶¶ 27-28, 37, 48, 64. Plaintiffs further claim that the statement was known by Collins and Combs "to be false," yet they nevertheless conspired to act upon it to "advance the investigation anyway." *Compl.*, ¶ 29; *see also Compl.*, ¶¶ 65-66. Moreover, plaintiffs emphasize a direct and unmistakable connection between the alleged defamatory statement and the alleged conspiracy's ignition, by asserting that Chapman's alleged statements upon which Collins and Combs relied were "factually untrue" and "defamatory," *Compl.*, ¶¶ 69, 72, and were allegedly published "in a manner that created a substantial danger to Plaintiffs' reputation" and "with the specific intent to harm Plaintiffs and their reputation." *Compl.*, ¶¶ 76-77. Consequently, there is no question that the complaint's allegations establishes that charged conspiracy derives from alleged defamation and, as such, the United States retains its sovereign immunity against the conspiracy claim.

Similarly, as to the "insulting words" charge, plaintiffs' complaint plainly alleges that the "*words of Defendants set out in the preceding count* from their usual construction and common acceptance *are construed as insults*…". *Compl.*, ¶85 (emphasis added).  In so doing, Plaintiffs patently equate the allegedly defamatory statements "set out in the preceding count"—that is, the defamation count—with the very words which form the basis of the insulting words count.  And while plaintiffs summarily charge that they have been "subjected to acts of intimidation and harassment…motivated by racial, religious, or ethnic animosity[,]" *Compl.*, ¶¶ 90-91, and otherwise fail to specify the alleged acts forming the basis of the harassment claim nor identify facts in support of racial or ethnic animus, a plain reading of the complaint demonstrates that the specific acts themselves are necessarily those taken by defendants in furtherance of the alleged conspiracy, which, as previously discussed, "arise out of" the tort of defamation.  *See e.g.,Compl.*, ¶¶ 27, 32-35, 42-45, 89 (plaintiffs "incorporate by reference all the preceding allegations").  As the Fourth Circuit observed:

> Artful pleading cannot alter the fact that his claim "resound[s] in the heartland of the tort of defamation: the injury is to reputation; the conduct is the communication of an idea, either implicitly or explicitly."

*Talbert v. United States*, 932 F.2d 1064, 1066-67 (4th Cir. 1991) (quoting *Timenez-Nieves v. United States*, 682 F.2d 1, 3-4 (1st Cir. 1982)).  Because plaintiffs' claims for conspiracy, insulting words, and harassment are inextricably based on defendants' alleged defamatory conduct—including specifically, then-SA Collins' alleged conduct in furthering an official investigation based on actions constituting defamation—these claims are all therefore barred by § 2680(h).

## IV. CONCLUSION

For the foregoing reasons, this Court should dismiss for lack of subject matter jurisdiction the claims of defamation, conspiracy, insulting words and harassment based upon Collins' conduct occurring prior to June 30, 2021, while she was employed by the FBI.

Dated:  November 12, 2021

                                 Respectfully submitted,

                                 JESSICA D. ABER
                               UNITED STATES ATTORNEY

By:              /s/
                               Elizabeth C. Wu, VSB No. 30057
                               Special Assistant U.S. Attorney
                               *Acting Under Authority Conferred by*
                               *28 U.S.C. §515*
                               Office of the United States Attorney
                               Eastern District of Virginia
                               919 East Main Street, Suite 1900
                               Richmond, Virginia 23219
                               (804) 819-5400 (phone)
                               (804) 819-7417 (fax)
                               elizabeth.c.wu@usdoj.gov

**CERTIFICATE OF CM/ECF FILING**

I hereby certify that on November 12, 2021, I have electronically filed the foregoing using the CM/ECF system, which has sent a copy to all CM/ECF users, and have sent copies by U.S. mail to the following non-CM/ECF users:

> Amina Matheny-Willard, counsel for plaintiffs
> Amina Matheny-Willard, PLLC
> 999 Waterside Dr., Ste 2525
> Norfolk, VA 23510
>
>
> Bradley G. Pollack, Esq., counsel for Duane Chapman and Lyssa Chapman
> 753 South Main Street
> Woodstock, Virginia 22664
>
> Brian J. Brydges, Esq., counsel for Lindsay Combs
> Johnson, Ayers & Matthews, PLC
> 310 First Street, SW, Ste 700
> Roanoke, Virginia 24009
> bbrydges@jamlaw.net
>
> David Briggman, defendant
> 7556 Mountain Valley Road
> Keezletown, Virginia 22832
>
> Jane Collins, defendant
> 105 Wilson Court
> Charlottesville, VA 22901

              /s/
            Elizabeth C. Wu
            Attorney for the United States of America