IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ZACHARY CRUZ, RICHARD MOORE, and MICHAEL DONOVAN, | ) ) ) |
| Plaintiff, | ) ) Civil Case No. 5:21-cv-00072 |
| v. | ) ) ) By: Elizabeth K. Dillon |
| DUANE LEE CHAPMAN, LYSSA CHAPMAN, DAVID BRIGGMAN, LINDSAY COMBS, and JANE COLLINS, | ) United States District Judge ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the court on plaintiffs' notice of dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure. Normally, an opinion or court order is not necessary to effectuate or address a plaintiff's motion for voluntary dismissal, but in this instance, certain matters require clarification. For the reasons set forth below, the court will enter an appropriate order dismissing this action in its entirety.

This matter was removed from August County Circuit Court on November 5, 2021. In state court, one of the defendants, Lindsay Combs, had filed responsive pleadings dated November 4, 2021. (Dkt. No. 6-1 at 126–61.) Those pleadings included a motion to dismiss, a motion to drop parties plaintiff, a motion craving oyer, and a demurrer. (*Id.*) Once in federal court, various motions have been filed, including motions to dismiss by certain of the defendants. None of the defendants have filed an answer or moved for summary judgment.

Rule 41 provides that the plaintiff can dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ.

P. 41(a)(1)(A)(i), (ii).  Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

Plaintiffs filed a stipulation of dismissal and notice of dismissal on December 6, 2021. (Dkt. No. 21.)  Plaintiffs stipulate to the dismissal of defendant Jane Collins with prejudice.  Plaintiffs also stipulate to the dismissal of the United States of America, who is substituted as the proper defendant in this action pursuant to a certification that Collins, a now retired FBI employee, was acting within the scope of her federal employment with respect to incidents which form the basis for certain of plaintiff's claim in this complaint.  *See* 28 U.S.C. § 2679(d); (Dkt. No. 9.)  The stipulation is signed by Collins and a Special Assistant United States Attorney in accordance with Rule 41(a)(1)(A)(ii).

Plaintiff also requests dismissal of the remaining defendants without prejudice pursuant to Rule 41(a)(1)(A)(i).  In this respect, the court notes that Combs' pleadings, filed in state court, were designated as an answer on this court's docket.  (*See* Dkt. No. 7.)  This designation, of course, is not legally dispositive.  Only if Combs' pleadings can be considered an answer under state law would her filings preclude voluntary dismissal under Rule 41(a)(1)(A)(i).  "[W]here a proper state-court answer has been filed prior to removal, we fail to see how requiring the defendant to re-answer under the requirements of Rule 8 in order to preclude voluntary dismissal would serve any purpose underlying Rule 41."  *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 974 (5th Cir. 2015).  Combs' state court pleading is not an answer under Virginia law.  *Id.* at 974–75 (noting that "a sufficient answer under state law filed prior to removal is sufficient to preclude voluntary dismissal by notice," and the "question is, therefore, whether [the] state-court Filing constitutes an answer under Texas law").  Virginia law requires that "[a]n answer must respond to the paragraphs of the complaint," Va. Sup. Ct. R. 3:8(a), and none of Combs' state-court

pleadings respond to the paragraphs of plaintiffs' complaint.  Therefore, plaintiffs are entitled to dismissal of their claims against Combs without prejudice.  And because the remaining defendants (Duane Lee Chapman, Lyssa Chapman, and David Briggman) also have not answered or moved for summary judgment, plaintiffs are further entitled to dismissal of their claims against those defendants without prejudice.

The court will issue an appropriate order dismissing plaintiffs' claims against Collins and the United States with prejudice, dismissing plaintiffs' claims against the remaining defendants without prejudice, dismissing all pending motions as moot, and striking this action from the active docket of this court.

Entered: June 7, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge